IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No: EP-08-CA-0222-PRM |
| | § | |
| THE CITY OF EL PASO; *et. al,* | § | |
| Defendants. | § | |

**DEFENDANT CITY OF EL PASO'S ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

NOW COMES, Defendant CITY OF EL PASO ("CITY") and files this its Answer to

Plaintiff's Second Amended Complaint. In support of said pleading, CITY would respectfully show

the Court as follows:

**I. ANSWER**

1.    With respect to the introductory paragraph, no response is needed.

2.    Concerning the allegations in Paragraph 1, CITY admits that the above entitled and numbered

cause is a civil rights lawsuit under the 14th Amendment to the U.S. Constitution, 42 U.S.C. §1983

and pendent state law jurisdiction. CITY denies that there is a valid malicious prosecution claim

because such is barred by limitations and was also previously dismissed by the Plaintiff [Docket

#57]. As to the remainder of the allegations, CITY denies the same.

3.    Concerning the allegations in Paragraph 2, CITY denies the same.

4.    With respect to Paragraph 3, Plaintiff is requesting a jury trial and thus, no response is

#43957

1

needed.  CITY also requests a trial by jury.

5.      Concerning the allegations in Paragraphs 4 and 5, CITY admits the same.

6.      Concerning the allegations in Paragraph 6, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

7.      Concerning the allegations in Paragraphs 7,8,9,10,11,12,and 13, CITY admits the same.

8.      Concerning the allegations in Paragraph 14, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

9.      Concerning the allegations in Paragraph 15, CITY admits the same.

10.     Concerning the allegations in Paragraph 16, CITY admits that the Plaintiff is a Hispanic male that served a jail sentence for a 1994 conviction.  As to the remainder of the allegations, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

11.     Concerning the allegations in Paragraphs 17 and 18, CITY admits the same.

12.     Concerning the allegations in Paragraph 19, CITY admits that the decedent was found lying on his back beside his car in the desert; the decedent was homeless; the female patrol officer knew the decedent from prior incidents and that the decedent had a brother.  As to the remainder of the allegations, the CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

13.     Concerning the allegations in Paragraphs 20,21 and 22, CITY admits the same.

#43957

14.     Concerning the allegations in Paragraphs 23,24,25, and 26, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

15.     Concerning the allegations in Paragraph 27, CITY admits that the investigation into the death of Robert Cobb began approximately twelve (12) hours after his death.  As to the remainder of the allegations, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

16.     Concerning the allegations in Paragraph 28, CITY denies that TERRONES was named case agent prior to the CAP detectives being mobilized to the crime scene.  As to the remainder of the allegations, CITY admits the same.

17.     Concerning the allegations in Paragraph 29, CITY admits that several latent prints were found at the crime scene at issue; seven (7) prints were found to have evidentiary value; and some but not all of the prints were identified.  As to the remainder of the allegations, CITY denies the same.

18.     Concerning the allegations in Paragraph 30, CITY admits that TERRONES and Det. Dominguez interviewed an employee of a nearby grocery store and went to Classic Upholstery in continuation of their investigation.  As to the remainder of the allegations, CITY denies the same.

16.     Concerning the allegations in Paragraph 31, CITY admits the investigation moved quickly. As to the remainder of the allegations, CITY denies the same.

17.     Concerning the allegations in Paragraph 32, CITY admits that the first three sentences only. As to the remainder of the allegations, CITY denies the same.

#43957

18.     Concerning the allegations in Paragraph 33, CITY admits that Rolando Echemendia was interviewed during the murder investigation at issue. As to the remainder of the allegations, CITY denies the same.

19.     Concerning the allegations in Paragraph 34, CIUTY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

20.     Concerning the allegations in Paragraph 35, CITY admits the same.

21.     Concerning the allegations in Paragraph 36, CITY denies that Echemendia stated that the decedent had a black bag full of heroin balloons and demanded payment for such. As to the remainder of the allegations, CITY admits the same.

22.     Concerning the allegations in Paragraph 37, CITY admits the same.

23.     Concerning the allegations in Paragraph 38, CITY denies the same.

24.     Concerning the allegations in Paragraph 39, CITY admits the same.

25.     Concerning the allegations in Paragraph 40, CITY admits that Echemendia gave a statement in Spanish that was reduced to writing in English and identified Carreon as being involved in the murder at issue. As to the remainder of the allegations, CITY denies the same.

26.     Concerning the allegations in Paragraph 41, CITY admits the first sentence only. As to the remainder of the allegations, CITY denies the same.

27.     Concerning the allegations in Paragraph 42, CITY admits that Carreon gave a confession. As to the remainder of the allegations, CITY denies the same.

28.     Concerning the allegations in Paragraph 43, CITY admits that Plaintiff was arrested and that

#43957

Defendants searched only his bedroom after obtaining consent from his common-law wife. As to the remainder of the allegations, CITY denies the same.

29.   Concerning the allegations in Paragraph 44, CITY denies the same.

30.   Concerning the allegations in Paragraph 45, CITY admits that the Plaintiff and Carreon were arrested for murder, magistrated and booked into the El Paso County Jail Facility on May 14, 1994. As to the remainder of the allegations, CITY denies the same.

31.   Concerning the allegations in Paragraph 46, CITY admits that Brandon Hamilton was brought into EPPD headquarters for questioning regarding the murder at issue. As to the remainder of the allegations, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

32.   Concerning the allegations in Paragraph 47, CITY admits the same.

33.   Concerning the allegations in Paragraph 48, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

34.   Concerning the allegations in Paragraph 49, CITY admits that no CAP detectives responded or assisted in holding Hamilton. As to the remainder of the allegations, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

35.   Concerning the allegations in Paragraph 50, CITY admits that the District Attorney's office attempted to locate Stewart for the trial of Plaintiff. As to the remainder of the allegations, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged,

and thus, those matters are denied at present.

36.    Concerning the allegations in Paragraph 51, CITY admits that a statement was taken from Hamilton at the direction of the District Attorney's office. As to the remainder of the allegations, CITY denies the same.

37.    Concerning the allegations in Paragraph 52, CITY admits that a statement was taken from Stewart after the Plaintiff's arrest. As to the remainder of the allegations, CITY denies the same.

38.    Concerning the allegations in Paragraphs 53 and 54, CITY admits the same.

39.    Concerning the allegations in Paragraphs 55 and 56, CITY denies the same.

40.    Concerning the allegations in Paragraph 57, CITY admits that the Plaintiff was placed on trial for murder in October 1994 by the District Attorney's office. As to the remainder of the allegations, CITY denies the same.

41.    Concerning the allegations in Paragraph 58, CITY admits that Plaintiff was convicted of murder and sentenced to 75 years. As to the remainder of the allegations, CITY denies the same.

42.    Concerning the allegations in Paragraph 59, CITY admits the same.

43.    Concerning the allegations in Paragraph 60, CITY is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and thus, those matters are denied at present.

44.    Concerning the allegations in Paragraphs 61 and 62, CITY denies the same.

45.    With respect to Paragraph 63, CITY re-alleges and incorporates by reference all its answers in Paragraphs 1 through 44 above, as if set forth verbatim.

46.    Concerning the allegations in Paragraph 64, CITY admits that defendant police officers acted

#43957

under color of law and within the scope of their employment at all times relevant to this case. As to

the remainder of the allegations, including subparts A through E, CITY denies the same.

47.     Concerning the allegations in Paragraphs 65,66,67 and 68, CITY denies the same.

48.     With respect to Paragraph 69, CITY re-alleges and incorporates by reference all its answers

in Paragraphs 1 through 47, as if set forth verbatim.

49.     Concerning the allegations in Paragraphs 70 (including subparts A through D), 71 (including

subparts A through D), and 72, CITY denies the same.

50.     With respect to Paragraph 73, CITY re-alleges and incorporates by reference all its answers

in Paragraphs 1 through 49, as if set forth verbatim.

51.     Concerning the allegations in Paragraphs 74, 75, 76, 77 and 78, CITY denies the same.

52.     With respect to Paragraph 79, CITY re-alleges and incorporates by reference all its answers

in Paragraphs 1 through 51, as if set forth verbatim.

53.     Concerning the allegations in Paragraphs 80,81, 82 and 83, CITY denies the same.

54.     With respect to Paragraphs 84, 85 and 86, CITY denies the same.

55.     With respect to Paragraph 87 (including subparts a through f), CITY denies that Plaintiff is

entitled to any of the relief prayed for in his pleadings, including damages and attorney's fees.

56.     CITY denies all previously unanswered allegations contained in the Plaintiff's First Amended

Complaint.

## II. DEFENSES

57.     CITY states that on the occasion in question and at all relevant times, no official policy,

practice or custom of the CITY was the actual or proximate cause of Plaintiff's alleged injuries.

#43957

58.    CITY further states that the acts complained of by Plaintiff were not proximately caused by any constitutionally defective official policy, practice of custom of the CITY.

59.    CITY states that on the occasion in question and at all relevant times, no official policy, practice or custom of the CITY was the moving force behind the alleged deprivation of Plaintiff's rights.

60.    CITY states that it does not have a custom, policy or practice, the application of which deprived the Plaintiff of any federally secured rights, and that it was not deliberately or consciously indifferent to the Plaintiff's federally secured rights.

61.    CITY states that it adequately trained its employees and that any alleged failure to adequately train its employees did not deprive the Plaintiff of any federally secured rights and that it was not deliberately or consciously indifferent to the Plaintiff's federally secured rights.

62.    CITY states that it adequately supervised its employees and that any alleged failure to adequately supervise its employees did not deprive the Plaintiff of any federally secured rights and that it was not deliberately or consciously indifferent to the Plaintiff's federally secured rights.

63.    CITY states that legal authority and probable cause existed for the arrest of Plaintiff, and that the individual defendant officers' actions did not violate clearly established law of which a reasonable person would have known, and that no deprivation of Plaintiff's rights occurred.

64.    CITY states that it cannot be held vicariously liable as a matter of law for the negligent or grossly negligent acts, if any, of its agents, servants and employees.

65.    CITY states that it cannot be liable to Plaintiff under a theory of *respondeat superior*.

66.    CITY states that the arrest of Plaintiff was a lawful arrest based on probable cause.

#43957

8

67.    At all times relevant to this cause of action, CITY, its agents, employees and representatives acted in good faith, without malice and with reasonable belief that they were not denying Plaintiff any rights afforded to him under any law of the State of Texas, the U.S. Constitution or any other clearly established law; and that they did not violate clearly established law of which a reasonable person would have known.

68.    At all times relevant to this cause of action, CITY, its agents, employees and representatives are entitled to official immunity, qualified immunity from suit and from damages in the present cause.

69.    CITY states that the defendant officers are entitled to qualified immunity, and further pleads that at all relevant times the defendant officers were performing discretionary duties within the course and scope of their authority as a City of El Paso peace officer; that the actions of the defendant officers were objectively reasonable; that the defendant officers did not violate clearly-established law of which a reasonable person would have known; and that a reasonable officer could have believed that their actions were lawful in light of clearly-established law and the information they possessed at the time.

70.    CITY states that punitive damages are not recoverable against it as to Plaintiff's claims.

71.    CITY states that the individual peace officers are entitled to official immunity because they acted without malice, without intent to deprive Plaintiff of any legally protected rights, with a reasonable, good faith belief that their actions were lawful and proper and within and pursuant to the scope of their discretionary authority as peace officers, and that they did not violate clearly-established law of which a reasonable person would have known.

#43957

72.     CITY states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this case.

73.     CITY alleges it is entitled to recover their reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988.

74.     CITY states that the actions or inactions complained of by Plaintiff are alleged acts or omissions of a governmental entity in the course and scope of a governmental function and in performance of a governmental duty, and therefore, CITY claims the defense of governmental immunity to the acts complained of by Plaintiff.

75.     CITY states that the causal chain was broken when a neutral magistrate made an independent finding of probable cause and ordered the arrest of the Plaintiff pursuant to a warrant.

76.     CITY states that Plaintiff's claims are barred by judicial estoppel because Plaintiff is taking and alleging an inconsistent position different than from a prior judicial proceeding in which he was successful. Specifically, Plaintiff took the single position that his constitutional rights under the Sixth Amendment to the United States Constitution were violated and based on that position Plaintiff was successful.

77.     CITY states that the causal chain remained broken when the Plaintiff was indicted for murder by a grand jury on or about June 14, 1994.

78.     CITY states that at all times relevant to this case, the acts and omissions of certain non-parties to this lawsuit, over whom CITY has no control and from whom it has no liability, were the sole proximate cause of any alleged civil rights violations or damages claimed by Plaintiff.

79.     CITY states that Plaintiff has failed to state a claim against it upon which relief can be

#43957

granted.

80.    CITY states that it cannot be liable to Plaintiff as a matter of law as to Plaintiff's state law claims because the acts that the CITY's officers are alleged to have performed or failed to perform are discretionary powers for which they enjoy absolute immunity under the Texas Tort Claims Act, §101.056.

81.    CITY states that between the time of arrest, the conviction and the subsequent incarceration of Plaintiff, an intervening cause was the proximate cause of all conduct, omissions, injuries and damages for which Plaintiff now sues, for which CITY is not responsible and cannot be held liable.

82.    CITY states between the time of arrest, conviction and the subsequent incarceration of Plaintiff, a new and independent cause was the proximate cause of all conduct and omission, injuries and damages for which Plaintiff now sues, for which CITY is not responsible and cannot be held liable.

83.    CITY states that at all times and places complained of in Plaintiff's pleadings concerning any due process allegations under the Fourteenth Amendment to the United States Constitution from the time of indictment, through trial and sentencing and his subsequent incarceration, was proximately caused by acts and omissions of a third party, not joined into this lawsuit, for which City cannot be held liable.

### III.    JURY DEMAND

84.    CITY demands trial by jury.

### IV.    RESERVATION OF RIGHTS

85.    CITY reserves the right to amend or supplement this Answer at a later time.

#43957

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF EL PASO prays that the

Plaintiff take nothing by his suit, that CITY recover its costs and all other relief that CITY may be

justly entitled to at law or in equity.

Respectfully submitted,

**CHARLIE McNABB, City Attorney**
#2 Civic Center Plaza
El Paso, Texas 79901-1196
(915) 541-4550
Fax: 541-4170

Date: November  18, 2008.            By:

**JENNIFER F. CALLAN**
Assistant City Attorney
State Bar No. 00793715
CallanJF@elpasotexas.gov
Attorneys for Defendant
CITY OF EL PASO

#43957

12

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, said pleading was faxed and mailed to each of the following:

Mr. Kevin Glasheen
Glasheen, Valles & DeHoyos, LLP
1302 Texas Ave.
P.O. Box 1976
Lubbock, Texas 79408

Attorney for Plaintiff

Mr. Kristopher Moore
Glasheen, Valles & DeHoyos, LLP
1302 Texas Ave.
P.O. Box 1976
Lubbock, Texas 79408

Attorney for Plaintiff

Mr. James Martinez
501 N. Kansas, Suite 201
El Paso, Texas 79901

Attorney for Plaintiff

Mr. Duane Baker
303 Texas Ave., 14th Floor
El Paso, Texas 79901

Attorney for Defendants Terrones,
Martinez, Ruiz, Dominguez, Tabullo,
Zimmerly & Ocegueda

Jennifer F. Callan

#43957