IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ,     Plaintiff, | § § § | |
| v. | § § | Cause No: EP-08-CA-0222-PRM |
| THE CITY OF EL PASO; *et. al*,     Defendants. | § § § | |

### CITY OF EL PASO'S BRIEF IN SUPPORT OF STAYING DISCOVERY PENDING THE APPEAL OF THE DEFENDANT POLICE OFFICERS

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Defendant CITY OF EL PASO ("CITY") files this its Brief in Support of Staying Discovery Pending the Appeal of the Defendant Police Officers in the above entitled and numbered cause. In support of said pleading, the CITY would respectfully show the Court as follows:

1.      This case is a civil rights case under the Fourteenth Amendments to the U.S. Constitution as well as under 42 U.S.C. §1983 and §1985(2) [Doc#27]. Defendant police officers filed a motion for summary judgment pursuant to the Local Rules of the Western District of Texas and the Federal Rules of Civil Procedure. Said motion was denied in part and granted in part by this Court. A timely appeal was filed by the Defendant police officers on the denial of their summary judgment based on qualified immunity and thus, the case is stayed regarding the issues of qualified immunity.

2.      "The protection afforded by the defense of qualified immunity is an immunity from suit, not simply immunity from liability." *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988). Thus, the qualified immunity standard is to protect public officials from "broad-ranging discovery" that can be "peculiarly disruptive of effective government." *Anderson v. Creighton,* 483 U.S. 635, at

#49817

FN6 (1987)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)).  Qualified immunity questions should therefore be resolved at the earliest possible stage of litigation.  *Babb v. Dorman*, 33 F3d 472, 477 (5th Cir. 1994)(citing *Harlow*, 457 U.S. at 818).  An early decision in litigation on qualified immunity questions is imperative because as long as the individual police officers are shielded by qualified immunity, the CITY will be vicariously immune from suit. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).  As such, CITY respectfully moves for the stay of discovery until the qualified immunity questions are resolved on appeal.

3.      A stay of discovery in this case would not cause harm to the Plaintiff and would allow justice to be done.  The norm in our judicial process is that only one court at a time has authority in a case.  This norm is "designed to avoid wasteful duplication of effort and to avert prospect that the appeal make a district court's proceeding pointless or the reverse."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).  If discovery is not stayed in the case at bar, we would have wasteful duplication of effort because the defendant police officers would need to be re-deposed on issues of training and knowledge of policies of the police department in 1994.  Such may negatively impact their qualified immunity defense and hence, their appeal. Furthermore, opening discovery on Plaintiff's *Monell* claims against the CITY would be a waste of judicial economy.

4.      Plaintiff argued that discovery against the CITY needs to be re-opened due to the age of the case and the need to elicit testimony from civilian witnesses.  Such a statement is misleading because the entire criminal investigation, including trial transcripts, has been tendered to the Plaintiff with the initial disclosures and at the depositions of the Defendant police officers.  Further, Plaintiff has obtained affidavits and/or written statements from the key civilian witnesses in this case as well as the criminal investigation on his own. [Doc #s: 72 and 73].  Therefore, the stay of discovery until

#49817

the qualified immunity questions are resolved will not impede the Plaintiff in prosecuting this case.

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF EL PASO respectfully requests that this Court enter an order staying discovery in this lawsuit until the qualified immunity questions are completely resolved in the appellate courts and for such other relief in which the CITY is entitled by law or equity.

Respectfully submitted,

**CHARLIE McNABB, City Attorney**
#2 Civic Center Plaza
El Paso, Texas 79901-1196
(915) 541-4550
Fax: 541-4170

Date: July 23, 2009.            By:    /s/ Jennifer F. Callan
**JENNIFER F. CALLAN**
Assistant City Attorney
State Bar No. 00793715
CallanJF@elpasotexas.gov

**KARLA M. NIEMAN**
Assistant City Attorney
State Bar No. 240485542
NiemanKM@elpasotexas.gov

Attorneys for Defendant
CITY OF EL PASO

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date above, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Jon Loevy<br>Loevy & Loevy<br>312 North May Street, Suite 100<br>Chicago, IL 60607 | Attorney for Plaintiff |
| Mr. Arthur Loevy<br>Loevy & Loevy<br>312 North May Street, Suite 100<br>Chicago, IL 60607 | Attorney for Plaintiff |
| Mr. Jim Martinez<br>501 N. Kansas, Suite 201<br>El Paso, TX 79901 | Attorney for Plaintiff |
| Mr. Duane Baker<br>303 Texas Ave., 14th Floor<br>El Paso, Texas 79901 | Attorney for Defendants Terrones,<br>Martinez, Ruiz, Tabullo,<br>Zimmerly & Ocegueda |

      /s/ Jennifer F. Callan
      Jennifer F. Callan

#49817

4