IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS (EL PASO)

| | | |
|---|---|---|
| ALEJANDRO HERENANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Philip R. Martinez |
| | ) | |
| v. | ) | Case No. 08 cv 00222 |
| | ) | |
| CITY OF EL PASO, et al. | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
REQUEST TO EXTEND THE DISCOVERY STAY**

Now comes Plaintiff, Alejandro Hernandez, by his counsel, and respectfully requests that this Court deny Defendants' request to stay all discovery pending their interlocutory appeal of this court's order denying qualified-immunity. In support, Plaintiff explains as follows.

**Discussion**

A district court has the inherent power to manage and control its docket in order to achieve the orderly and expeditious disposition of cases. See United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005); Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995). In particular, one matter committed to the Court's sound discretion is whether or not discovery stays are appropriate and efficient. Landis v. North American Co., 299 U.S. 248, 254 (1936). The district court's decision not to stay discovery will not be disturbed absent an abuse of that discretion. Brazos Valley Coalit. for Life v. City of Bryan, 421 F.3d 314, 327 (5th Cir. 2005).

As a general matter, a discovery stay is an "extraordinary" remedy. Sterling Nat. Bank v. A-1 Hotels Intern., Inc., 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001). That said, Plaintiff recognizes that the law permits (even encourages) stays of trial in the qualified immunity context because of the balancing of a public official's right to avoid litigation.

There are, however, interests beyond those of the Defendants that must be factored into the calculus, including those of the Plaintiff, the public, and the judicial system, each of which have a legitimate interest in timely resolution of the important claims in this case. Under the present

1

circumstances, with summary judgment resolved against Defendants, the balance tips in favor of permitting discovery to proceed.

For more than a year, Defendants have managed to avoid their discovery obligations while arguing that they are entitled to qualified immunity. Defendants' resulting appeal will likely take another year to resolve. *U.S. Court of Appeals Judicial Caseload Profile*, http://www.uscourts.gov/cgi-bin/cmsa2008.pl (Fifth Circuit's median time from filing notice of appeal to disposition in 2008 was 11.3 months). The question before the Court is whether all discovery should remain on hold during that year, or whether the time should now be spent finishing discovery so that trial can proceed promptly upon remand. Plaintiff submits that the latter course is appropriate and efficient.

First and foremost, unnecessary delay in the ultimate resolution of the case is undesirable. Clinton v. Jones, 117 S. Ct. 1636, 1651 (1997) (delay in resolving litigation reduces the chance that the final decision will be accurate). Indeed, the Federal Rules of Civil Procedure themselves state that they are to be construed and administered to secure, among other things, the just and "speedy" determination of every action. Fed. R. Civ. P. 1.

As the party with the burden of proof, the Plaintiff in particular is prejudiced by protracted litigation, especially in a case such as this one, where the underlying events happened so long ago. See Apostol v. Gallion, 870 F.2d 1335, 1339-40 (7th Cir. 1989) ("During the appeal memories fade, ... judges' schedules become chaotic, to the detriment of litigants in other cases. Plaintiffs' entitlements may be lost or undermined"); see also Banks v. Yokemick, 144 F. Supp. 2d 272, 276 (S.D.N.Y. 2001) (denying stay in another context because the "public also has a significant interest in the swift resolution of this case").

Were the Court to approve the use of the next year to complete discovery, the case will be ready for trial when the Fifth Circuit resolves the appeal. Cf. Cook Medical Inc. v. Griffin, 2008 WL 2691093, *2 (S.D. Ind. July 3, 2008) ("By allowing discovery to proceed during the pendency of the interlocutory appeal ..., the parties will be poised to resume this litigation quickly upon the issuance of

2

the Court of Appeals' opinion"); Kolbeck v. General Motors Corp., 702 F. Supp. 532, 542 (E.D. Pa. 1988) ("To promote an expeditious and efficient resolution of this litigation once the Court of Appeals resolves the interlocutory appeal, discovery on plaintiff's claims, other than the passive restraint claims, shall continue"). Moreover, while no one knows what the appellate court will do, it is difficult to ignore the likelihood that this Court's well-reasoned opinion will be affirmed. See Lytle v. Bexar County, 560 F.3d 404, 408 (5th Cir. 2009) (there is no appellate jurisdiction where the "determination of qualified immunity would require the resolution of a genuinely disputed fact").

For these reasons, other courts have rejected similar requests to stay discovery during qualified immunity appeals under analogous circumstances. E.g., Alice L. v. Dusek, 492 F.3d 563 (5th Cir. 2007) (affirming the district court's decision to deny discovery stay during a pending qualified immunity appeal, and making clear the district court retains jurisdiction to supervise discovery); Rhodes v. Prince, 2008 WL 4493590 (N.D. Tex. Oct. 3, 2008) (Fitzwater, Chief Judge) (denying discovery stay during pendency of qualified immunity appeal, and permitting depositions to proceed). The same result is appropriate here.

                                        RESPECTFULLY SUBMITTED,

                                        /s/ James Martinez
                                        Attorney for Plaintiff

| | |
|---|---|
| James Allen Martinez | Jon Loevy |
| Law Offices of James Martinez | Loevy & Loevy |
| 501 North Kansas | 312 North May Street |
| Suite 201 | Suite 100 |
| El Paso, TX 79901 | Chicago, IL 60607 |
| | (312) 243-5900 |

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on July 24, 2009, this Motion was served upon all counsel of record in this matter via the ECF system.

                                                         /s/ Jim Martinez