IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No: EP-08-CA-0222-PRM |
| | § | |
| THE CITY OF EL PASO; *et. al*, | § | |
| Defendants. | § | |

MEMODARUM OF LAW
REGARDING THE CITY'S DERIVATIVE IMMUNITY

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COMES NOW Defendant CITY OF EL PASO ("CITY"), and files this Memorandum of Law regarding the City's immunity from the allegations in Plaintiff's Second Amended Complaint. (Doc 67). The City contends that no discovery should be conducted regarding the City's policies or customs, due to the finding that Plaintiff suffered no violation of his constitutional rights; therefore the City is derivatively immune. In support of said motion, CITY would respectfully show the Court as follows:

## I.        PROCEDURAL BACKGROUND

1.        This case involves claims of civil rights violation under 42 U.S.C. §1983. *See* Doc 67. CITY timely answered Plaintiff's amended pleadings. See Doc 69.

2.        On July 10, 2009, this Court issued its Order granting in part and denying in part Defendant police officers' (Terrones, Martinez, Ruiz, Tabullo, Zimmerly, and Ocegueda) Motion for Summary Judgment. (Doc 94). In that opinion, this Court held: (1) Plaintiff had stated a constitutional deprivation based on the identification techniques used on Agustin Carreon; (2) the officers conducted a reckless investigation because the Plaintiff had produced evidence creating a fact question that the officers "hectored" Carreon into identifying the Plaintiff as his accomplice, and later ignored the recantation of that identification; and (3) pursuant to *Brady*, material disputes of fact existed regarding whether the Officers failed to disclose exculpatory evidence. (Id).

3.      On July 17, 2009, (Doc 95) the Defendant officers filed their Notice of Interlocutory Appeal to the Fifth Circuit Court of Appeals.  On July 27, 2009, (Doc 101) this Court entered an Order staying discovery against the City pending resolution of the appeal.

4.      On October 20, 2010, the Fifth Circuit Court of Appeals reversed and dismissed in part this Court's Order.  (Doc 110, filed with this Court on November 29, 2010).  In that opinion, the Fifth Circuit found that the Defendant officers were entitled to qualified immunity.  The Court made the following findings:  (1) there was no freestanding, clearly established constitutional right to be free from a reckless investigation at the time of the events alleged in the Complaint; (*Id.* p.19 and 23) (2) the Plaintiff was unable to establish a §1983 claim for false arrest or illegal detention because there were facts to establish probable cause to arrest and detain the Plaintiff; (*Id.* at 22) (3) Plaintiff's constitutional right to a fair trial was not impaired because the Carreon's identification was never introduced at the trial; (*Id.* at 26) and (4) Defendants did not commit a Brady violation. (Id. at 33).

5.      In reaching these findings the Court relied on the following facts:  (a) Defendant Terrones' complaint affidavit relied on police reports, Echemendia's statement, and Carreon's statement, which were sufficient to establish probable cause for an arrest warrant; (Id. at 20) (b) both the district attorney and the defense counsel were aware of Carreon's recantation prior to the examining trial on May 24, 1994; (Id. at 21) (c) Robert Hernandez's statement was obtained *after* the complaint affidavit for Plaintiff's arrest warrant and it did not eliminate Echemendia's testimony; (Id. at 21-22) (d) Defendants took statements from both Hamilton and Stewart and turned them over to the district attorney, the Court found that based on these facts, no objectively reasonable officer would have concluded that probable did not exist; (Id. at 22) (e) Carreon invoked his Fifth Amendment right against self-incrimination and refused to testify at the Plaintiff's examining trial and jury trial; (Id. at 21) (f) Carreon's identification of Plaintiff was not the sole basis for the probable cause determination nor was it introduced at the examining trial or jury trial and it was not the basis for his continued detention or conviction; (Id. at 26) (g) Robert Hernandez's statement was cumulative of the testimony provided at the jury trial by Garinian, Cortazar,

and Plaintiff's own testimony regarding the allegation that Carreon and Plaintiff did not know each other; (Id. at 29) and (g) Plaintiff was present and overheard Carreon's recantation and his criminal defense counsel knew of the recantation at the examining trial and the jury trial.  (Id. at 33).  *See* Doc 112 Order dated October 20, 2010, attached as Exhibit "A" to this motion and incorporated herein for all purposes as if set forth verbatim.

6.      On March 21, 2011, this Court issued a Memorandum Opinion and Order pursuant to the mandate of the Fifth Circuit Court of Appeals and dismissed the remaining §1983 claims against the Defendant Officers with prejudice.  This Court also lifted the stay on discovery related to the City's liability.  (Doc 112).

7.      On March 23, 2011, this Court held a status conference with counsel for all parties to discuss the claims remaining against the City of El Paso.  At that hearing, Mr. Baker, counsel for Defendant Officers handed this Honorable Court a copy of the Plaintiff's Petition for Writ of Certiorari to the U.S. Supreme Court.  He also informed this Court that he had filed a Response to the Writ on March 21, 2011, and would be delivering a copy to this Court once he received it from the printers.   Mr. Martinez, Plaintiff's counsel informed this Court that his client still had claims against the City, which would survive the qualified immunity defense afforded to Defendant Officers.  Undersigned counsel informed this Court, that due to the length of time that the case had been stayed she could not recall what causes of action were plead against her client but argued that based on the Fifth Circuit's Opinion dismissing the claims against the Officers, she believed that her client would be entitled to summary judgment based on derivative immunity.  The Court stated that he did not read the Fifth Circuit Court's opinion to mean that but would afford undersigned an opportunity to review any pending claims against her client and scheduled a second Status Conference for April 11, 2011, at 9 a.m.

## II.      CURRENT PROCURAL POSTURE

8.      Undersigned counsel has had an opportunity to review the Fifth Circuit's opinion and reviewed the allegations made against the City.  Defendant City requests that this Court reinstate the stay of

discovery until the Supreme Court makes a determination regarding on the Petition for Writ of Certiorari. In the alternative, Defendant requests that no further discovery be conducted and that this Honorable Court afford undersigned an opportunity to prepare a motion for Summary Judgment based on the City's immunity as detailed herein.

### III.    PLAINTIFF'S CLAIMS AGAINST THE CITY OF EL PASO

9.      Plaintiff filed a Second Amended Complaint on November 12, 2008.  (Doc 67).  In this complaint, he alleges claims against the City pursuant to *Monell v. New York City Dep't of Social Serv's,* 436 US. 658, 694 (1978).  (Id. at 18).  Specifically, he alleges that the City failed to maintain an adequate written policy related to four issues:   (1) identification procedures, (2) determination of probable cause, (3) recovery of evidence from the crime scene and (4) procedures related to obtaining eyewitness statements. (Id. at 18-19)  Plaintiff also alleges that the City failed to train and supervise and discipline its officers in the following: (1) to employ proper identification techniques, (2) faithfully represent material facts when seeking arrest warrants, (3) adequately develop material exculpatory and impeachment information and revealed this information to prosecutors and defense counsel; (4) and conducted adequate investigations in determining probable cause and ensuring the suspect of a crime receives adequate due process. Plaintiff finally argues that the City's failure to maintain an adequate written policy, or train, discipline, and supervise its officers was the proximate cause of the constitutional deprivations.

### IV.    THE CITY IS ENTITLED TO SUMMARY JUDGMENT PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED

#### A.    *Plaintiff's 42 U.S.C. §1983 Claims Against City of El Paso*

10.     Under any theory of civil rights law, a municipality can only be held liable if the plaintiff proves each of the following five essential elements: (1) a violation of a recognized, constitutionally-protected right, resulting from (2) a municipal policy or custom, (3) promulgated by a policy-maker that, (4) through its deliberately indifferent implementation, (5) is the "moving force" or direct cause of the alleged injury. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 694 (1978); *Board of the*

*County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997); *McKinney v. Irving Independent School District*, 309 F.3d 308, 312 (5th Cir. 2002).

11.     Cities are not liable for constitutional violations committed by city employees unless those violations result directly from a municipal custom or policy. See, e.g., *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989); *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir.2000). Liability under the doctrine of respondeat superior is not cognizable in § 1983 actions. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir.2002).  A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it "through some official action or imprimatur." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009) *citing Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001).

12.     To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Id.* Finally, a plaintiff must establish that the policy was the moving force behind the violation. In other words, a plaintiff must show direct causation. *See Piotrowski,* 237 F.3d at 580. This means "there must be a direct causal link" between the policy and the violation. *Id.*; *see also Johnson,* 379 F.3d at 310 (quoting *Fraire v. City of Arlington,* 957 F.2d 1268, 1281 (5th Cir.1992) ("must be more than a mere 'but for' ")).

### B.     The City is Derivatively Immune from Plaintiff's Claims

13.     The burden of establishing a constitutional violation is on the Plaintiff.  *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).  Here, the constitutional rights in question are Plaintiff's right to be free from false arrest, illegal detention, right to a fair trial, and the right to the disclosure of exculpatory evidence.  As is discussed in the Fifth Circuit's Opinion and in this Court's opinion, the Defendants Officers actions during the investigation of Robert Cobb's murder did not result in a violation of any of these rights.  Plaintiff has failed to meet his burden.

14.     A municipality cannot be liable under 42 U.S.C. §1983 unless one of its employees has committed a constitutional violation.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001)(note 18, citing *Heller*'s holding "that if a plaintiff does not show any violation of his constitutional rights…then there exists no liability to pass through" to the municipality.) In this case, all of the Plaintiff's claims against the City regarding inadequate written policies and failing to train and supervise are directly connected to the alleged wrongdoing by Defendant Officers, who were found not to have violated the Plaintiff's constitutional rights.  Therefore there exists not liability for the City.

15.     As long as the individual police officers are shielded by qualified immunity, the CITY will be vicariously entitled to summary judgment because there has been no violation of constitutional rights. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).  "This is an action for damages, and neither *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Heller,* 475 U.S. 796, 799.  Additional discovery would not yield a violation of Plaintiff's rights but would be fruitless and an inefficient use of resources.  This Court should not permit discovery against the City and grant it leave to file its motion for Summary Judgment.

###     C.     *The Allegation of Inadequate Written Policy Fails*

16.     Plaintiff's allegation against the City focus on its failure to maintain adequate written policies. These allegations focus on the same issues that the Fifth Circuit and this Court have found did not result in constitutional violations.  Specifically, Plaintiff's allegation that the City failed to have adequate written policies is irrelevant.  Defendant Officers were found to have had probable cause to arrest and detain the Plaintiff, obtained witnesses statements, compiled proper photographic lineups, and turned over

all the evidence to the district attorney's office to use in the prosecution of the Plaintiff.  Furthermore, none of the evidence in this case establishes a proximate cause between the City's written policies and an alleged violation of the Plaintiff's constitutional rights.  Plaintiff should not be entitled to conduct further discovery against the City because his constitutional rights were not violated.  *See Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001)

### D.    The Allegation of Failure to Train Fails

17.    It is, however, "clear that a municipality's policy of failure to train its police officers can rise to § 1983 liability." *Brown v. Bryan County,* 219 F.3d 450, 456 (5th Cir.2000). In order to succeed on his failure to train claim against the City, Plaintiff must demonstrate that the City's training policy procedures were inadequate, that it was deliberately indifferent in adopting its training policy, and that the inadequate training policy directly caused Plaintiff's injury.  *Sanders-Burns v. City of Plano*, 594 F3d. 366, 380 (5th Cir. 2010) *see also Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir.1996); *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir.2002).  Plaintiffs allegations on the City's failure to train focuses on the same or similar issues alleged as inadequate policies.  To prevail on an inadequate training claim, Plaintiff must show that (a) the training procedures of the municipality's policymaker were *inadequate*; (b) the municipality's policymaker was *deliberately indifferent* in adopting the training policy; and (c) the inadequate training policy *directly caused* plaintiff's injury.  *See Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)(emphasis added); *Piotrowski*, 237 F.3d at 581-82.

18.    "In resolving the issue of a city's liability, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).  Further, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."  *Id*. at 390-91.  "Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."  *Id*. at 391.  Although, Plaintiff's petition alleges that the Defendants

failed to do certain things during their investigation, this allegation does not support liability against the City. Furthermore, the Fifth Circuit and this Court have held that the officers involved in the murder investigation acted in compliance with their duties and applicable laws and thus, did not violate the Plaintiff's rights or cause him any injury. Therefore, Plaintiff's allegations on failure to train against the City are ungrounded and summary judgment is proper.

> ### E.     *Allegation of Failure to Supervise Fail*

19.     Supervisory officials cannot be held liable under section 1983 for the actions of subordinates on any theory of vicarious or respondeat superior liability. *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 382 (5th Cir. 2005); *see City of Canton v. Harris,* 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, (1978); *Evett v. DETNTFF,* 330 F.3d 681, 689 (5th Cir.2003); *Alton v. Texas A&M Univ.,* 168 F.3d 196, 201 (5th Cir.1999); *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir.1987). Rather, the Plaintiff must show that the conduct of supervisors denied his constitutional rights. *See Evett,* 330 F.3d at 689; *Thompkins,* 828 F.2d at 304. When, as here, a plaintiff alleges a failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *City of North Richland Hills,* 406 F.3d at 381; *see also Smith v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir.1998); *see Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir.2003); *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir.2003); *Thompson,* 245 F.3d at 459; *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 452-54 & nn.7-8 (5th Cir.1994) (en banc) (adopting the *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), standard of municipal liability-that is, requiring at least deliberate indifference-for supervisory liability). Again Plaintiff is unable to overcome the second prong of the failure to supervise or train because his constitutional rights were not violated. The City is entitled to file a motion for summary judgment without having to bear the expense of discovery.

> ### F.     *Deliberate Indifference.*

20.     Even if Plaintiff had somehow identified a policy or custom, he has not shown that a policy maker was deliberately indifferent in promulgating the policy, or in knowingly failing to stop the widespread custom.  *See Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983).  Thus, a plaintiff must establish that the municipality promulgated the custom with "deliberate indifference to the 'known or obvious consequences' that constitutional violations would result."  *See Piotrowski*, 237 F.3d at 579; *Brown v. Bryan County, Oklahoma*, 219 F.3d 450, 457 (5th Cir. 2000).  Hence, deliberate indifference is more than mere negligence; it is an intentional choice consciously and maliciously made by the municipality's policymakers. *Conner v. Travis County*, 209 F.3d 794, 796-797 (5th Cir. 2000).   As stated above, the Plaintiff's evidence has not established any violation of his constitutional rights.  There is no reason in fact or law to permit the Plaintiff to continue with discovery regarding the City's liability.  Any further discovery related to the allegations made against the City would be fruitless.

### G.     Plaintiff's False Arrest Allegations Are Barred

21.     Plaintiff's 14th Amendment procedural due process claims are squarely related to the false arrest claims under 4th Amendment.  [Doc. #67, in entirety]  "The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the 4th Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," *Wallace v. Kato*, 549 U.S. 384, 397 (2007).  An arrestee "becomes detained pursuant to legal process" when, for example, "he is bound over by a magistrate or arraigned on charges."  *Id.*  at 389.  Plaintiff was detained pursuant to legal process in 1994.  Limitations ran in 1996.  Furthermore, "there is no cause of action for false arrest under section 1983" when an arrest is based on probable cause.  *See Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1189 (5th Cir. 1991).  Therefore, such claims (even if disguised as 14th Amendment claim) are barred by limitations and should be dismissed as a matter of law.

        WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF EL PASO prays that this Court reinstate the stay of discovery until the Supreme Court makes a determination regarding the Petition for Writ of Certiorari.  In the alternative, the City respectfully requests that this Court allow not permit

discovery against the City and afford it an opportunity to file a Motion for Summary Judgment under Rule 56, Federal Rules of Civil Procedure, thereby disposing of Plaintiff's claims against it, enter judgment that Plaintiff take nothing by such claims and that CITY recover its costs and all other relief to which it may be entitled to at law or in equity.

Respectfully Submitted,

**CHARLIE MCNABB, CITY ATTORNEY**
#2 Civic Center Plaza
El Paso, Texas  79901-1196
(915) 541-4550
(915) 541-4190 Fax

Dated: April 8, 2011          By:          /s/ Karla M Nieman_____
**KARLA M. NIEMAN**
Assistant City Attorney
State Bar No. 240485542
NiemanKM@elpasotexas.gov
Attorneys for Defendant
CITY OF EL PASO

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date above, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

Mr. Jon Loevy                                        Attorneys for Plaintiff
Mr. Arthur Loevy
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607

Mr. Jim Martinez                                    Attorney for Plaintiff
501 N. Kansas, Suite 201
El Paso, TX 79901

Mr. Duane Baker                                     Attorney for Defendants Terrones,
303 Texas Ave., 14th Floor                          Martinez, Ruiz, Tabullo,
El Paso, Texas 79901                                Zimmerly & Ocegueda

/s/ Karla M Nieman_____
**KARLA M. NIEMAN**